IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-00025-01-CR-W-DGK |
| | ) | |
| CASEY WIDMAN, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On December 31, 2013, a Criminal Complaint was filed against defendant Casey M. Widman. On January 28, 2014, the Grand Jury returned a one-count indictment against defendant Widman. The Indictment charges that on December 30, 2013, defendant Widman, did knowingly by force, violence and intimidation, take and cause to be taken from the person and presence of Debbie Ervie bank employee, approximately $838.00 in United States currency belonging to and in the care, custody, control, management and possession of Bank Midwest, a financial institution which deposits were then insured by the FDIC.

On February 18, 2014, defense counsel filed a Motion for Determination of Competency requesting that defendant Widman undergo an examination and that a report be filed with the Court concerning defendant's ability to understand the proceedings presently pending against him and to properly assist in his own defense. On February 27, 2014, the Court ordered that defendant undergo a psychiatric or psychological examination.

Defendant Widman was examined at the Federal Detention Center in SeaTac, Washington. On July 8, 2014, a Forensic Evaluation was filed with the Court. The Forensic Evaluation was prepared by Ryan Nybo, Psy.D., Forensic Unit Psychologist, and reviewed by

Katherine Skillestad Winans, Ph.D., Chief Psychologist. The report concluded:

> Overall, Mr. Widman demonstrated an average ability to understand the nature and consequences of the court proceedings against him, and sufficient ability to properly assist counsel in his defense. From the available information, there is no evidence to indicate the defendant suffers from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to assist counsel in his defense.

(Doc #29 at 16 and 17)

On July 29, 2014, a hearing was held before the undersigned with respect to defendant's competency to stand trial. The parties stipulated to the Forensic Evaluation. No other evidence was offered on the issue of defendant's competency to stand trial.

The only evidence before the Court on the issue of defendant's competency is the Forensic Evaluation (doc #29) filed on July 8, 2014. As set forth above, Dr. Nybo found that "there is no evidence to indicate the defendant suffers from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to assist counsel in his defense." (Doc #29 at 16 and 17)

Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Casey Widman is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense.

Counsel are reminded they have fourteen days from the date of this Report and Recommendation within which to file and serve objections. A failure to file and serve timely

objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

                                                      */s/ Sarah W. Hays*
                                                      SARAH W. HAYS
                                      UNITED STATES MAGISTRATE JUDGE